# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KERMIT TY POULSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. 3:19-CV-6139-BHS-DWC

ORDER TRANSFERRING CASE

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Kermit Ty Poulson, proceeding *pro se*, initiated this lawsuit on November 26, 2019. *See* Dkts. 1, 3. The Court has reviewed Plaintiff's Proposed Complaint and finds the proper venue for this case is the District of Oregon. Therefore, the Court orders this case be transferred to the District of Oregon.

**I.    Background**

Plaintiff, who is housed at the Federal Correctional Institution ("FCI Sheridan") in Sheridan Oregon, brings allegations related to the conditions of his confinement at FCI Sheridan including the lack of proper medical treatment and the lack of a wheelchair and handicapped cell.

*Id.* Several of Plaintiff's allegations also stem from the constitutionality of his physical confinement, including claims related to lack of a speedy trial and lack of an arraignment. Dkt. 1-1. Plaintiff alleges he is being held at FCI Sheridan on an unrelated charge and was informed that a separate criminal charge from Port Orchard, Washington will affect his upcoming parole. *Id.* at 1-2.

Plaintiff seeks relief related to both his conditions of confinement – injunctive relief and monetary damages and his physical confinement – dismissal of any pending charges against him in federal court. *Id.* at 10-11.

The Court has not granted Plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

**II.     Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

1       Here, it is clear from Plaintiff's Proposed Complaint his § 1983 claims arise out of
2 actions committed at FCI Sheridan. Dkt. 1-1. FCI Sheridan is located in Sheridan, Oregon, which
3 is in the District of Oregon. *See* 28 U.S.C. § 128(a). Further, Plaintiff has named the United
4 States of America as the sole Defendant and has not named any individual Defendants who are
5 located in the Western District of Washington. Therefore, the Court concludes venue is improper
6 for Plaintiff's § 1983 claims raised in the Proposed Complaint.[1]

7       Because venue is improper, the Court has the discretion to dismiss or transfer the case.
8 *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does
9 not find the Proposed Complaint is meritless. Further, dismissing the case and directing Plaintiff
10 to refile in the District of Oregon would cause unnecessary delay. Therefore, the Court finds
11 transferring, rather than dismissing, this case is appropriate.

### III. Conclusion

The Court finds venue is improper and the interests of justice require this case be transferred to the proper venue. Accordingly, the Court orders this case be transferred to the District of Oregon and the case be closed.[2]

---

[1] To the extent that some of Plaintiff's claims should be raised in a habeas corpus petition rather than a § 1983 civil rights complaint, a habeas petition must generally be filed in the district where the petitioner is incarcerated, and the proper respondent is the person "who has custody" over the applicant. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004).

[2] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

In light of the transfer, the Court defers to the District of Oregon with respect to Plaintiff's Application to Proceed IFP (Dkt. 3).

Dated this 31st day of December, 2019.

David W. Christel
United States Magistrate Judge